## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **LINDA CONE SELENSKY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0217-WS-M |
| | ) |
| **MOBILE INFIRMARY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

This matter is before the Court on plaintiff Linda Cone Selensky's Response to Court Order (doc. 9). On May 11, 2006, the undersigned entered an Order (doc. 8) indicating that plaintiff's *pro se* Amended Complaint (doc. 3) did not reveal a clear basis for federal subject matter jurisdiction. In particular, her Amended Complaint appeared to be based on state-law claims between non-diverse parties alleging that defendants provided inadequate or improper medical treatment to Selensky in connection with an on-the-job injury in 1999, and that she received an unfair or otherwise improper settlement of her ensuing Workers' Compensation claim. The Amended Complaint referenced in passing a Fifth Circuit case reciting the elements of a claim for conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985(3), which might furnish a precarious foothold for federal jurisdiction; however, it was not at all clear that Selensky had alleged, or could viably allege, facts that might state a substantial, non-frivolous claim under that statute. For that reason, the May 11 Order instructed Selensky to file an integrated Amended Complaint including, *inter alia*, a statement of facts pertaining to any § 1985(3) claim that she wishes to pursue, "including a description of defendants' conduct that she believes violates § 1985(3) and an identification of the class-based invidious discriminatory animus that she believes was behind it." (*Id.*, at 3.)

The Court has now reviewed plaintiff's *pro se* 63-page Response to Court Order (the "Response"). This document is not in the form of an Amended Complaint, as directed by the May 11 Order, but instead consists of handwritten narrative, commentary, correspondence

addressed to the Court, and case summaries interspersed between various exhibits, including medical records dating back to 1999, correspondence, lengthy printouts from the Internet concerning the drug Trazodone and Cervical Spondylosis, an x-ray, a customer history report from a pharmacy, and the like.  This jumbled, largely inscrutable document does not bear the format required by this District Court's *Pro Se* Litigant Guide, which has been previously furnished to plaintiff with specific directions that she adhere to it closely.  As a result, it remains extraordinarily difficult to ascertain what causes of action Selensky intends to pursue.  It is clear, however, that her primary dissatisfaction is with Mobile Infirmary and its physicians for purportedly holding her against her will in a psychiatric ward and providing inadequate medical care and/or medical malpractice in the wake of a May 1999 occupational injury.  With regard to specific individual defendants, Selensky alleges that one physician threatened her if she did not comply with treatment, that another overmedicated her, that a third improperly ordered laxatives for her, and that all of them used "scare tactics" and "assaulted" her with medication.  Her filing also includes numerous digest entries from court cases referencing such topics as federal diversity jurisdiction, the reopening of closing agreements under the Internal Revenue Code, misrepresentation, liability under ERISA for fiduciary misrepresentations under employee benefit plans, punitive damages, the First Amendment, the tort of outrage, the Victims of Crime Act of 1984, and the like.

      Selensky's filing does not comply with the May 11 Order's instructions to recite the conduct that she believes violates § 1985(3) and identify any class-based invidious discriminatory animus relating to the alleged conspiracy.  From her Response, it does not appear that she is attempting to state a claim under § 1985(3) at all.[1]  Given the absence of any allegation of class-based invidious discriminatory animus by defendants, any § 1985(3) claim that Selensky may be trying to assert is "wholly insubstantial and frivolous" and therefore cannot give rise to federal question jurisdiction.  *See Southpark Square Ltd. v. City of Jackson, Miss.*,

---

[1] Moreover, given that the challenged events apparently occurred in 1999 and 2000, any § 1985(3) claim would undoubtedly be untimely.  *See Trawinsky v. United Technologies*, 313 F.3d 1295, 1298-99 (11th Cir. 2002) (indicating that § 1985(3) claims are subject to Alabama's residual, two-year limitations period for personal injury actions provided by Ala. Code § 6-2-38(*l*)).

565 F.2d 338, 341-42 (5th Cir. 1977) (federal claim "must be more than frivolous to support federal question jurisdiction" and can satisfy this threshold only if "there is any foundation of plausibility to the claim"); *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1291-92 (11th Cir. 2004) (federal issue must be "substantial" to confer federal subject matter jurisdiction). Nor do plaintiff's passing references to her "civil rights," ERISA, the Internal Revenue Code, the First Amendment, or the Victims of Crime Act of 1984 in the Amended Complaint (none of which she had mentioned in any of her two previous iterations of her initial pleading) offer any basis for concluding that Selensky has a substantial, non-frivolous claim under any of those federal statutory schemes. The Response includes no facts that might give rise to non-frivolous claims under any of those statutes. Finally, Selensky's conclusory statement that defendant Coleman American "discriminated against [her] because of [her] disability" (Response, at 1) does not present a substantial, nonfrivolous claim under the Americans with Disabilities Act because there is no indication that she has complied with the exhaustion prerequisites for such a cause of action, much less that such a claim (which she has never mentioned previously) could possibly be timely this many years after the fact. *See, e.g., Gallups v. City of Alexander City*, 287 F. Supp.2d 1286, 1294-95 (M.D. Ala. 2003) ("Before a plaintiff can file a civil suit against an employer under the ADA, the employee must file a timely EEOC charge" within 180 days from the date the alleged unlawful employment practice occurred).

  Plaintiff's filings have always made abundantly clear that this case is about alleged medical malpractice, fraud, misrepresentation, and allegedly improper or unfair Workers' Compensation proceedings. None of these state law causes of action sets forth a colorable basis for federal jurisdiction in an action between non-diverse parties. The Court recognizes that *pro se* pleadings must be liberally construed. *See, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Of course, the deferential standard afforded *pro se* litigants "does not give a court license ... to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"). For that reason, the Court has given plaintiff not one, but two,

opportunities to amend her pleadings to set forth a substantial, nonfrivolous federal cause of action that might support the exercise of federal jurisdiction, and has given her considerable direction in that endeavor. Despite these opportunities, plaintiff has failed to state a substantial, nonfrivolous federal cause of action that might support subject matter jurisdiction under 28 U.S.C. § 1331. Under the circumstances, no constructive purpose would be served by offering Selensky a third opportunity to remedy the fatal defects in her pleadings.

Because the Response is legally insufficient and because Selensky has squandered multiple opportunities to correct the defects that have been identified in this and previous Orders, this action is hereby **dismissed without prejudice**. A separate Judgment will enter.[2]

DONE and ORDERED this 12th day of June, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] To be clear, the Court's ruling is not that plaintiff is not entitled to proceed in <u>any</u> forum, but is rather that she simply has not shown any colorable basis for proceeding in <u>this</u> forum. The Court expresses no opinion as to whether Selensky may be able to pursue her claims in state court, nor can this Court offer legal advice to plaintiff as to how to plead or where to file her lawsuit. Selensky is strongly encouraged to consult with counsel and obtain legal advice before taking further action.